## WHITE v. HILL. (No. 7548.)

(Court of Civil Appeals of Texas. San Antonio. April 7, 1926.)

1. **Contracts ⚖══90—Evidence held to show that architect's promise to pay owner for weather strips was without consideration.**

In suit by owner against architect on promise to pay for weather strips placed on his residence, evidence *held* to show that promise was without consideration, intended as a gift to plaintiff for purpose of peacefully and promptly settling claims of parties.

2. **Courts ⚖══121(7)—Court having jurisdiction of amount may render judgment on claim of defendant for less amount than plaintiff's claim.**

Court having jurisdiction of amount for which suit is brought has power and authority to render judgment on claim of defendant growing out of matters connected with subject-matter of suit for a less amount.

3. **Pleading ⚖══147—Architect's claim against owner for balance due, connected with subject-matter of suit by owner, held counterclaim or offset, not independent action.**

In suit by owner against architect on promise to pay for weather strips placed on his residence, claim by architect against owner for balance due, growing out of matters connected with subject-matter of suit, *held* a counterclaim or offset, and not an independent action.

Appeal from Dallas County Court; W. N. Coombes, Judge.

Suit by M. P. White against Bertram C. Hill, in which defendant claimed an offset. From a judgment for defendant on offset and against plaintiff on his claim, plaintiff appeals. Affirmed.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Claude M. McCallum and A. S. Rollins, both of Dallas, for appellant.

Love & Rutledge and H. B. Thomas, Jr., all of Dallas, for appellee.

FLY, C. J. This is a suit for $278, which appellant alleged was due him by appellee on account. of a promise to pay for certain "weather strips" contracted to be placed on a residence by Christy & Dolph, the contractors; appellee being the supervising architect. The cause was tried by the court, without a jury, and judgment rendered for appellee for $54.67, and against appellant on his claim.

The petition alleged a written contract by the appellee to pay the debt of the contractors; the consideration, as alleged, being for the purpose "of satisfying him." The evidence showed that it did not satisfy appellant, and that if the satisfaction of appellant under the circumstances would be a valuable consideration, there was a failure of consideration. Appellee in his first of three letters, dated April 5, 1923, claimed under the contract to have the right to use other weather strips than those demanded by appellant, and the language of the contract sustained him, and claimed that the strips used were equal to those desired by appellant. He claimed the authority, which he had under the contract, to interpret and construe the specifications, and he had exercised that authority in the selection of the strips. He wrote:

"However, it seems to be your desire that National strips be installed, so, in order to satisfy you as a client, of my own free will and accord, absolutely denying any liability whatsoever, I propose that I will pay the cost of installing the No. 1 National weather strips in your residence, such payment to be construed by you as a gift from an architect to his client."

This, it seems, did not suit the taste of appellant, so his attorney wrote another letter, in which reference to a gift was left out, and had appellee to sign it. The architect, however, reiterated his right to interpret the specifications, insisted that it was done without liability on his part and of his "own free will and accord." In other words, it was still a donation to the whims and caprices of appellant. Appellant was not satisfied when he got his strips, and certain "outlets in the kitchen and basement stairway" next met with condemnation. His evidence shows that he was not satisfied with his house, and in order to get a settlement the contractors were compelled to take a less sum than the estimates given by the architect amounted to.

The evidence tends to show that even the agent for the strips demanded by appellant admitted that the National strips could not be satisfactorily installed in the building and that the other strips used by the contractors could be made completely effective. Appellant contended that the contract called for National weather strips and no others, but it did not. It specified "National weather strips or equal to them," and the evidence shows that the strips used were equal to those demanded by appellant.

[1] The evidence shows that there was no consideration for the promise of appellee to pay for the strips, and that it was made to mollify and placate a captious, faultfinding man, and it failed of its purpose, because in his evidence he admits that numerous things fail to suit him, from concrete work to window strips. He wanted all sash and window strips, doors in living room, glass in five French doors and sidelights, sixteen one-panel doors, drawers and doors in breakfast room refinished, and all floors and stairs refinished, as well as the walls, porch columns, and various other matters. Nothing pleased him, and yet the evidence of the architect shows:

"That everything was completed according to the plans and specifications when I issued my final certificate. I am absolutely positive of that."

Because of the failure of appellant to be satisfied with anything, appellee declined to pay a donation given for peace and harmony. The court was justified in finding that—

"Defendant's promise was without consideration and was a mere gratuitous promise to make a gift to plaintiff by defendant in order that plaintiff might be satisfied with defendant's work as an architect on said house and in order to secure a prompt and amicable culmination of plaintiff's employment of defendant and a prompt settlement by plaintiff with the contractors on said house."

The judgment recites the fact that appellant refused to be satisfied with the work on the house and would not settle without a cut in the price of the building, and not then until eight months had elapsed. Trying to buy his satisfaction was a rank failure.

[2, 3] Appellant admitted that he owed appellee a balance of $54.67, and the court properly rendered judgment in the latter's favor for that amount. Having jurisdiction of the amount for which the suit was brought, the court had the power and authority to render a judgment on a claim of the defendant for a less sum than over which the court held jurisdiction. The claim grew out of matters connected with the subject-matter of the suit. Appellee's claim was a counterclaim or an offset and was not an independent action. The suit grew out of the relation between appellant and appellee of owner and supervising architect. City of Dallas v. Rutledge (Tex. Civ. App.) 258 S. W. 534.

The judgment will be affirmed.